WESTCHESTER LABORATORIES SALES CORPORATION, Plaintiff, *v.*
WESTCHESTER LABORATORIES, INC., and Others, Defendants.

Supreme Court, Westchester County, March 1, 1938.

*William C. Young*, for the plaintiff.

*Robert R. Rosan*, for the defendant.

DAVIS, J.  Motion for an injunction *pendente lite*.  The agreement herein gives the plaintiff the exclusive right to sell the products of the defendant corporation with the exception of one product which has no material bearing upon the issues.  In return the plaintiff agrees to expend not less than $5,000 a year in advertising and promoting the sale of the said products.  The agreement, however, does not expressly require the plaintiff to sell or bring about the sale of any of the said products and is silent as to the respective rights of the parties in the event of the failure of the plaintiff's advertising efforts.  The agreement provides that the plaintiff shall have the " privilege " of purchasing the products of the corporate defendant and selling the same under the name of the manufacturer.

The plaintiff complains that the defendant corporation has made a number of sales over the counter and has filled some mail orders. It desires the defendant corporation restrained in this respect and also restrained from taking any corporate action which might tend to impair or abrogate the agreement in question, which agreement

by its terms is to remain in force for twenty-five years. The defendant corporation admits having made some sales, but claims that it did so in order to obtain some income to meet current expenses.

Substantially, the said agreement leaves the defendant corporation at the mercy of the plaintiff. Such agreements are not favored by the courts. (*Hearn* v. *Stevens & Bro.*, 111 App. Div. 101, 106; *Russell* v. *Allerton*, 108 N. Y. 288.) But, assuming for the moment that the agreement may be enforced strictly according to its terms, such enforcement would be decreed only after the plaintiff has shown an equally strict fulfillment of the obligations on its part. The moving papers are not convincing in this respect and are lacking in essential details.

Plaintiff has done some advertising of the corporate defendant's products and claims to have made " commitments " for a more extensive campaign of advertising, but does not state the nature and extent thereof. There also appears to be some merit to the corporate defendant's contention that the plaintiff failed to advertise its products during the seasons when the most favorable results could be expected. It appears to be conceded that the corporate defendant will be involved in serious financial difficulties unless some reasonably steady source of income can be obtained, and since under the terms of the agreement it cannot compel the plaintiff to come to its assistance, I am of the opinion that the motion should be and it accordingly is denied. Settle order on notice.